# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**REGINA CRAIG**                                                                                          **PLAINTIFF**

**v.**                          **CASE NO. 1:09cv00046 BSM**

**GGNSC HEBER SPRINGS, LLC, d/b/a,**
**GOLDEN LIVING CENTER - HEBER**
**SPRINGS, et al.**                                                                                  **DEFENDANTS**

## ORDER

Plaintiff, Regina Craig ("Craig"), requests a protective order. [Doc. No. 19]. Defendants have not responded. The motion is granted, and the following is ordered:

1.  Confidential information, as later defined herein, and obtained by plaintiff from defendant in this action, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except qualified persons, as herein defined.

2.  Confidential information shall be deemed to include, without limitation:

    (a)  Documents in which the company or its personnel have a significant privacy interest, including, but not limited to, social security numbers, dates of birth, medical, and financial information, salary history, client lists, and information and other matters now requested or hereinafter requested by plaintiff, from defendant relating to the operation and organization of defendant and such other information as may be deemed by this court to be relevant or material herein. It shall also include information related to plaintiff's financial and medical history.

(b) Any information concerning such as set forth in 2(a) herein above as maybe, from time to time, produced by a party and declared at the time of production to be "confidential information" and subject to this order, such designation to be in writing and stamped or otherwise printed on each page declared to be confidential.

3. Except with the prior written consent of the producing party, or pursuant to further order of this court on motion with notice to the producing party, no confidential information may be disclosed to any person other than "qualified persons" who shall be defined to include the a party to the lawsuit, any future counsel of record for the parties in this action, and secretaries, para-professional assistants, experts and other employees of such counsel who would be actively engaged in assisting counsel in connection with this action, court personnel, witnesses at trial or deposition, and the jury.

4. Upon delivery of confidential information to the requesting party herein, the producing party shall execute and submit to the requesting party a document entitled "inventory of confidential documents delivered" in the form affixed hereto as Exhibit 1.

5. This order, insofar as it restricts the communication in any way and use of confidential information, shall continue to be binding through and after the conclusion of this litigation. Three years following the conclusion of this action, including all appeals:

(a) The receiving party shall destroy all confidential information, including, correspondence, memoranda, notes or any other documents embodying such information, in whole or in part.

(b) Counsel and all qualified persons are enjoined from disclosing in any

manner any confidential information obtained during the course of this proceeding. Severe sanctions will attach to any person who discloses such in violation of this provision.

6. Nothing in this order shall prevent any party from seeking modification of this order at any time as to specific matters designated "confidential information" to remove such from the application of this order.

7. Such confidential information as may be required to be filed with the court and with the clerk of this court shall be either filed under seal or redacted such that confidentiality is preserved. For instance a personnel document which only contains confidential information such as birth date, social security number, or salary information could be redacted to exclude that information, and then used. Or, if the identity of the individual needed to be protected, the document could be redacted to exclude the name of the individual. Only the court, court personnel, and counsel for the parties shall have access to the sealed record in this proceeding until further order of this court.

IT IS SO ORDERED this 2nd day of June, 2010.

_____
UNITED STATES DISTRICT JUDGE

# **EXHIBIT 1**

## **INVENTORY OF CONFIDENTIAL DOCUMENTS PROVIDED**

I hereby submit the following documents, document pages, and/or depositions which are subject to the protective order for the protection of documents in *Regina Craig v. GGNSC Heber Springs, LLC, et al*, filed in United States District Court, Eastern District of Arkansas, Northern Division; Case No. 1:09-CV-00046 BSM/HDY.

(list all documents, pages, and depositions submitted below.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

DATED:_____  SIGNATURE:_____